upon receipt of information that the value of the acetylene black had advanced, he requested permission to amend the entries, which permission was denied. An appeal was taken but because of knowledge that the appraised value was correct it was later abandoned. On the record the court found there was no intention to defraud the revenue or to conceal or misrepresent the facts. The petition was therefore granted.

BEFORE THE FIRST DIVISION, NOVEMBER 10, 1943

**No. 48950.**—Protest 50954–K of Weymouth & Young (Seattle).

Opinion by OLIVER, P. J. It was stipulated by counsel that the glass bottles in question upon arrival from the Philippine Islands contained more than 1 pint of distilled spirits (gin) and were of the character ordinarily employed for the holding or transportation of such merchandise. In accordance therewith the protest was sustained.

**No. 48951.**—Protest 950555–G of Elite Import Co., Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that certain of the reflectors in question are correctly represented by exhibit 1 in *Elite Import Co., Inc.* v. *United States* (11 Cust. Ct. 104, C. D. 804), Protest 12985–K, which case was incorporated herein. In accordance therewith the claim at 60 percent under paragraph 218 (c) was sustained, the merchandise in question not coming within the provisions of the trade agreement with Czechoslovakia (T. D. 49458).

**No. 48952.**—Protests 98472–K, etc., of Ednal Co., Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise in question consists of lens blanks of glass, molded or pressed, the same in all material respects as those the subject of Abstract 48016. In accordance therewith the claim at 40 percent under paragraph 226 was sustained.

**No. 48953.**—Protests 871480–G, etc., of W. Doshim (Boston).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt, and was therefore excluded from paragraph 5. The protests were sustained.

**No. 48954.**—Protests 12330–K, etc., of Q. W. Lung Co. (Boston).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 10, 1943

**No. 48955.**—Protest 38066–K of A. D. Cohen Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218) the protest was sustained to this extent.

**No. 48956.**—Protests 546831–G/80093, etc., of S. Hubbard (Canada), Ltd. (Chicago).

Opinion by TILSON, J. In accordance with stipulation of counsel that the merchandise in question consists of 8-bu. paper hats the same as those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) the protests were sustained to this extent.

**No. 48957.**—Protests 661448–G, etc., of Caradine Hat Co. et al. (Pembina).

Opinion by TILSON, J. In accordance with stipulation of counsel 8-bu. hats similar to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) were held dutiable at only 25 percent ad valorem under paragraph 1504 (b) (5) as claimed.

**No. 48958.**—Protest 52191–K of Henry Pollak, Inc. (New York).

Opinion by TILSON, J. It was stipulated that certain of the hats in question are the same as those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) and others the same in all material respects as those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). In accordance therewith the hats in question imported or withdrawn for consumption prior to the effective date of the Netherlands Trade Agreement (T. D. 48075) were held dutiable at 25 percent ad valorem under paragraph 1504 (b) (5) and those imported or withdrawn for consumption subsequent to the said date were held dutiable at 12½ percent under paragraph 1504 (b) (5) and T. D. 48075, following said C. D. 664; others similar to those involved in said C. A. D. 218 were held dutiable at 25 percent under paragraph 1504 (b) (1). Protest sustained to this extent.

**No. 48959.**—Protests 957957–G, etc., of Sprouse Reitz Co. et al. (Los Angeles, etc.).